Hillsborough, }
April 2, 1912. }

### LOVELL & a. v. BOSTON & MAINE RAILROAD.

Where the defendant in an action for negligence claims that the amount of damages which may be awarded is limited by a special contract, and a verdict ordered in accordance with this contention is set aside as erroneous, at a subsequent trial it is incumbent upon the plaintiff to establish all facts essential to a recovery, as if there had been no prior proceedings in the cause.

CASE, for negligently injuring the plaintiffs' horse, being the same action reported 75 N. H. 568. Trial by jury and verdict assessing the damages. At the beginning of the second trial the court "ruled that the only question to be tried was as to the value of the horse, and that the matter of liability, or the validity of any contract under which the horse was being shipped at the time, were not in issue, both having been settled in the former trial." The defendant excepted. Transferred from the May term, 1911, of the superior court by *Plummer*, J.

*Doyle & Lucier*, for the plaintiffs.

*Hamblett & Spring* (*Mr. Spring* orally), for the defendant.

PEASLEE, J. The question now presented in this case is how far, if at all, the issues of fact were settled by the former trial. At that trial it was ruled that the plaintiffs could recover but $100, and a verdict was ordered for them in that sum. This was in effect a ruling that the evidence was conclusive upon these matters. It was based upon a written contract for limited liability. Upon exception, it was held that the ruling was erroneous. The result was to set aside the order excepted to. No attempt was made to save any part of it, and it is not apparent how there was anything to save. Unless the order was correct, nothing had been tried. The verdict depended upon the order. If the order was erroneous, there was no verdict. Since there was no verdict nothing was concluded, and the case stood for trial as though no proceeding had been had, save that two questions of law had been determined.

The plaintiffs now seek to separate out the verdict that the defendant is liable and retain the benefit of that part of the order, while relieved from the part which limited their damages. It is

evident that the whole order was based upon the theory that the written contract was binding as matter of law.   As this was not so, the foundation for the order as to liability as well as damages was removed, and neither is of any further validity.   The fact that there was no exception to the order of a verdict that the defendant was liable is not material here.   It is true, as the plaintiffs claim, that the defendant did not except to the order.   The defendant made no claim that the order was erroneous.   That position was taken by the plaintiffs and sustained by the court.   The proposition that the order could not stand having been established, it was then open to either party to urge any valid claim based upon the avoidance of the order.   Error having been found in the proceedings, the question is whether there shall be new trial of the whole case, or whether a part of the verdict can be saved.   *Lisbon* v. *Lyman,* 49 N. H. 553, 600.

The plaintiffs insist that when the error is corrected the application of the correction shall be limited to such phases of the case as will be favorable to them.   Argument is not necessary to show the unsoundness of this contention.   The effect of the error must be wholly removed from the case.   This involves a new trial of all that was based upon the error.   The error consisted in holding that the contract was conclusively established, and the liability found was one growing out of the contract.   If there was no contract, there was no liability as a common carrier.   The question how the horse was shipped—whether under a valid limited contract, or under a general common carrier's liability, or under no contract at all beyond a mere bailment—is still open, and involves (or may involve) material issues as to the duty imposed upon the defendant.

The invalidity of the special contract, because of which the former order was set aside, consisted in the time and manner in which the contract was entered into, and not in the substance of the contract itself.   The evidence not being conclusive that the contract was not made in violation of Vermont law, and a subsequent ratification not having been proved beyond question, it followed that it was error to take the question of the existence of the contract from the jury.   This was all that the former trial and transfer of the case settled.   Whether at that trial a verdict that the defendant was liable as a common carrier and for unlimited damages could have been ordered and sustained, is a question which has never been decided by or presented to either court.   The proposition presented was that the evidence was conclusive in the defendant's favor.

The denial of this contention did not establish the antithetical one that the evidence was conclusive in favor of the plaintiff. After the former decision, the case stood precisely as it would have if at the first trial the presiding justice had denied the defendant's motion for a directed verdict. Unless further proceedings were then had, the whole trial would have gone for nothing. That the motion was granted in the superior court, which ruling was later set aside here, does not change the ultimate effect of what was done. In the end, the motion was denied. If this had happened at the trial, the cause could then have proceeded to a verdict of the jury, in accordance with their views of the weight of the evidence. The lapse of time between making the motion in the superior court and its final denial in this court renders further proceedings with the first jury impracticable, and necessitates a retrial of the whole case.

The ruling at the last trial assumed that it had been settled that the limited contract was invalid; but as before pointed out, all that was determined was that the evidence was not conclusive that the contract was valid. It validity still remains to be tried on such evidence as the parties may produce and subject to the legal rules laid down in the former decision.

*Exception sustained.*

All concurred.